# EXHIBIT "B"

# STIMWAVE TECHNOLOGIES INCORPORATED
# CONTRIBUTION AGREEMENT

This Contribution Agreement (this "*Agreement*"), dated as of March 25th, 2018 is by and among the parties listed on Exhibit A (the "*Transferors*" and each, a "*Transferor*"), and Stimwave Technologies Incorporated, a Delaware corporation (the "*Transferee*").

WHEREAS, Transferors, or the case of a Transferor who is an entity, the beneficial holders of its equity interests, as applicable, currently own, directly or indirectly, certain capital interests set forth opposite their name on Exhibit A (the "*StimQ Equity Interests*") in StimQ Medical LLC, an international company formed under the laws of the Commonwealth of The Bahamas ("*StimQ*");

WHEREAS, the Transferors, in the interest of improving opportunities for operating and financing opportunities of the Transferee and StimQ, have determined that it is in their best interests, and, in the case of a Transferor who is an entity, in the best interests of such Transferor's equity holders, that the Transferors contribute the StimQ Equity Interests to the Transferee (the "*Contribution*") for no consideration, in a transaction that qualifies under the appropriate provision of the Internal Revenue Code of 1986, as amended (the "*Code*"), as a tax free capital contribution; and

WHEREAS, Transferor and Transferee desire to enter into this Agreement pursuant to which the Transferors make the Contribution, on the terms and subject to the conditions set forth in this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants, terms and conditions set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **Contribution**. On the terms and subject to the conditions set forth in this Agreement, each Transferor hereby contributes, transfers, assigns, conveys and delivers to Transferee, and Transferee does hereby acquire and accept from each Transferor, all of Transferor's right, title and interest in, to and under such Transferor's respective StimQ Equity Interests. Contemporaneously with the delivery of this Agreement, each Transferor is delivering the share certificate(s) representing the respective StimQ Equity Interests, duly endorsed to the Transferee or accompanied by an appropriate executed share assignment separate from certificate.

2. **Consideration**. The Transferors shall receive no cash or other property in consideration for the contribution of the Assets to Transferor.

3. **Representations and Warranties of the Transferors**.

Each Transferor, for herself or itself, severally and not jointly, represents to the Transferee as follows:

(a) **Authority**. This Agreement has been duly executed and delivered by such Transferor and (assuming due authorization, execution and delivery by Transferee) shall constitute such Transferor's legal, valid and binding obligation, enforceable against it in accordance with its terms.

(b) **Ownership and Transfer of Assets**. Such Transferor has valid, good and marketable title to all of the Assets, and the Assets are free and clear of all liens. Such Transferor has the unrestricted right to contribute, sell, transfer, assign, convey and deliver to Transferee all right, title and interest in and to, or in the case of leased or subleased Assets, all right, title and interest in and to the leasehold interest relating to, the Assets without penalty or other adverse consequences.

4. **Further Assurances**. Transferor and Transferee agree to execute any and all documents and instruments of transfer, assignment, assumption or novation and to perform such other acts as may be reasonably necessary or expedient to further the purposes of this Agreement and the transactions contemplated by this Agreement.

5. **Entire Agreement**. This Agreement constitutes the sole and entire agreement of the parties to this Agreement with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings, representations and warranties and agreements, both written and oral, with respect to such subject matter.

6. **Successors and Assigns**. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and permitted assigns.

7. **No Third-Party Beneficiaries**. This Agreement is for the sole benefit of the parties hereto and their respective successors and permitted assigns and nothing herein, express or implied, is intended to or shall confer upon any other person any legal or equitable right, benefit or remedy of any nature whatsoever, under or by reason of this Agreement.

8. **Headings**. The headings in this Agreement are for reference only and shall not affect the interpretation of this Agreement.

9. **Amendment and Modification; Waiver**. This Agreement may only be amended, modified or supplemented by an agreement in writing signed by each party hereto. No waiver by any party of any of the provisions hereof shall be effective unless explicitly set forth in writing and signed by the party so waiving. Except as otherwise set forth in this Agreement, no failure to exercise, or delay in exercising, any rights, remedy, power or privilege arising from this Agreement shall operate or be construed as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege.

10. **Governing Law**. This Agreement shall be construed in accordance with, and governed by, the laws of the State of Delaware, without reference to the conflict of laws principles thereof.

11. **Jurisdiction; Venue**. With respect to any disputes arising out of or related to this Agreement, the parties consent to the exclusive jurisdiction of, and venue in, the state courts of the State of Delaware (or in the event of exclusive federal jurisdiction, the courts of the District of Delaware).

12. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Agreement delivered by facsimile, email, or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

*[Remainder of page intentionally left blank; signature page follows]*

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the date first written above.

TRANSFERORS:

LTP LIMITED LLC

By: *Laura Tyler Perryman* (DocuSigned, 8C090890D34C4B3...)
Name: Laura Grace Perryman
Title: Manager

MICRON DEVICES, LLC

By: *Laura Tyler Perryman* (DocuSigned, 8C090890D34C4B3...)
Name: Laura Tyler Perryman
Title: Manager

TRANSFEREE:

STIMWAVE TECHNOLOGIES INCORPORATED

By: *Laura Tyler Perryman* (DocuSigned, 8C090890D34C4B3...)
Name: Laura Tyler Perryman
Title: President and Chief Executive Officer

*[Signature Page to Contribution Agreement]*

EXHIBIT A

TRANSFERORS AND STIMQ EQUITY INTERESTS

| Name of Transferor | Number and Type of StimQ Medical LLC Equity Interests |
|---|---|
| LTP Limited LLC, an international company organized under the laws of the Commonwealth of The Bahamas | 1,000,000 Common Shares |
| Micron Devices, LLC, a Delaware limited liability company | 5,547,500 Common Shares |
| **Total** | **6,547,500 Common Shares** |