# EXHIBIT "C"

# ASSIGNMENT AND ASSUMPTION AGREEMENT

This Assignment and Assumption Agreement ("**Agreement**") dated as of October 13, 2018 ("**Effective Date**"), is entered into by and between Micron Devices LLC, a Delaware limited liability company, with offices located at 1521 Alton Road, Suite 417, Miami Beach, Florida ("**Assigning Party**"), and Stimwave Technologies Incorporated, a Delaware corporation, with offices located at 1310 Park Central Boulevard South, Pompano Beach, Florida ("**Assuming Party**").

WHEREAS, in connection with the execution and delivery of this Agreement, the Assigning Party is transferring certain rights in intellectual property to the Assuming Party, which rights are the subject of certain contracts listed on Schedule 1 attached hereto (collectively "**Assigned Contracts**");

WHEREAS, Assigning Party desires to assign to Assuming Party all of its rights and delegate to Assuming Party all of its obligations under the Assigned Contracts; and

WHEREAS, Assuming Party desires to accept such assignment of rights and delegation of obligations under the Assigned Contracts.

NOW, THEREFORE, in consideration of the mutual covenants, terms, and conditions set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **Assignment and Assumption**.

    (a)  **Assignment**. Assigning Party irrevocably sells, assigns, grants, conveys, and transfers to Assuming Party all of Assigning Party's right, title, and interest in and to the Assigned Contracts.

    (b)  **Assumption**. Assuming Party unconditionally accepts such assignment and assumes all of Assigning Party's duties, liabilities, and obligations under the Assigned Contracts, and agrees to pay, perform, and discharge, as and when due, all of the obligations of Assigning Party under the Assigned Contracts accruing on and after the Effective Date.

2. **Representations and Warranties**.  Each of Assigning Party and Assuming Party represents and warrants to the other that: (i) it is duly organized, validly existing, and in good standing under the laws of the State of Delaware; (ii) it is qualified and licensed to do business and in good standing

DocuSign Envelope ID: 29D29513-63CF-4391-AA61-FDB5DD25B51E

in every jurisdiction where such qualification and licensing is required for purposes of this Agreement; (iii) it has the full right, power, and authority to enter into this Agreement and to perform its obligations hereunder; (iv) it has taken all necessary corporate or limited liability company action to authorize the execution of this Agreement by its representative whose signature is set forth at the end hereof; and (v) when executed and delivered by such party, this Agreement will constitute the legal, valid, and binding obligation of such party, enforceable against it in accordance with its terms and not subject to defenses.

3. **Miscellaneous**.

(a) <u>Further Assurances</u>. On the other party's reasonable request, each party shall, at its sole cost and expense, execute and deliver all such further documents and instruments, and take all such further acts, necessary to give full effect to this Agreement.

(b) <u>Survival</u>. Subject to the limitations and other provisions of this Agreement, the representations and warranties of the parties contained herein will survive the expiration or earlier termination of this Agreement.

(c) <u>Notices</u>. Each party shall deliver all notices, requests, consents, claims, demands, waivers, and other communications under this Agreement (each, a "***Notice***") in writing and addressed to the other party at the addresses set forth on the first page of this Agreement (or to such other address that the receiving party may designate from time to time in accordance with this section). Each party shall deliver all Notices by personal delivery, nationally recognized overnight courier (with all fees prepaid), facsimile or email (with confirmation of transmission), or certified or registered mail (in each case, return receipt requested, postage prepaid).  Except as otherwise provided in this Agreement, a Notice is effective only (a) upon receipt by the receiving party and (b) if the party giving the Notice has complied with the requirements of this Section.

(d) <u>Interpretation</u>. For purposes of this Agreement: (a) the words "include," "includes," and "including" are deemed to be followed by the words "without limitation"; (b) the word "or" is not exclusive; and (c) the words "herein," "hereof," "hereby," "hereto," and "hereunder" refer to this Agreement as a whole. Unless the context otherwise requires, references in this Agreement: (x) to sections, schedules, and exhibits mean the sections of, and schedules and exhibits attached to, this Agreement; (y) to an agreement, instrument, or other document means such agreement, instrument, or other document as amended, supplemented, and modified from time to time to the extent permitted by the provisions thereof; and (z) to a statute means such statute as amended from time to time and includes any successor legislation thereto and any regulations promulgated thereunder. The parties drafted this Agreement without regard to any presumption or rule requiring construction or interpretation against the party drafting an instrument or causing any instrument to be drafted. The schedules and exhibits referred to herein are an integral part of this Agreement to the same extent as if they were set forth verbatim herein.

(e) <u>Severability</u>. If any term or provision of this Agreement is invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality, or unenforceability does not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction.

(f) <u>Entire Agreement.</u> This Agreement, together with all related exhibits and schedules, is the sole and entire agreement of the parties to this Agreement regarding the subject matter contained herein and therein, and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, both written and oral, regarding such subject matter.

(g) <u>Amendment and Modification</u>. No amendment to this Agreement is effective unless it is in writing and signed by each party to this Agreement.

(h) <u>Waiver</u>. No waiver under this Agreement is effective unless it is in writing and signed by the party waiving its right. Any waiver authorized on one occasion is effective only in that instance and only for the purpose stated, and does not operate as a waiver on any future occasion. None of the following is a waiver or estoppel of any right, remedy, power, privilege, or condition arising from this Agreement: (i) any failure or delay in exercising any right, remedy, power, or privilege or in enforcing any condition under this Agreement; or (ii) any act, omission, or course of dealing between the parties.

(i) <u>No Third-Party Beneficiaries</u>. This Agreement benefits solely the parties to this Agreement and their respective successors and assigns and nothing in this Agreement, express or implied, confers on any other Person any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Agreement.

(j) <u>Choice of Law</u>. This Agreement and exhibits and schedules attached hereto, and all matters arising out of or relating to this Agreement, are governed by, and construed in accordance with, the laws of the State of Delaware, United States of America, without regard to the conflict of laws provisions thereof to the extent such principles or rules would require or permit the application of the laws of any jurisdiction other than those of the State of Delaware.

(k) <u>Choice of Forum</u>. Each party irrevocably and unconditionally agrees that it will not commence any action, litigation, or proceeding of any kind whatsoever against the other party in any way arising from or relating to this Agreement, and exhibits and schedules attached hereto, and all contemplated transactions, in any forum other than the United States District Court for the District of Delaware or the courts of the State of Delaware, and any appellate court from any thereof. Each party irrevocably and unconditionally submits to the exclusive jurisdiction of such courts and agrees to bring any such action, litigation, or proceeding only in United States District Court for the District of Delaware or the courts of the State of Delaware. Each party agrees that a final judgment in any such action, litigation, or

proceeding is conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

(l)    <u>WAIVER OF JURY TRIAL</u>. EACH PARTY ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY THAT MAY ARISE UNDER THIS AGREEMENT, INCLUDING EXHIBITS AND SCHEDULES ATTACHED TO THIS AGREEMENT, IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES AND, THEREFORE, EACH SUCH PARTY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY ABOUT ANY LEGAL ACTION ARISING OUT OF OR RELATING TO THIS AGREEMENT, INCLUDING ANY EXHIBITS OR SCHEDULES ATTACHED TO THIS AGREEMENT, OR THE TRANSACTIONS CONTEMPLATED HEREBY.

(m)    <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which is deemed an original, but all of which together are deemed to be one and the same agreement. A signed copy of this Agreement delivered by facsimile, email, or other means of electronic transmission is deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

*[Signature page follows]*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the Effective Date.

ASSIGNING PARTY:

MICRON DEVICES LLC

By: _____ (Mark H Coleman MD)

Name: Mark Coleman

Title: MD

ASSUMING PARTY:

STIMWAVE TECHNOLOGIES INCORPORATED

By: _____ (Laura Tyler Perryman)

Name: Laura Tyler Perryman

Title: CEO

*[Signature Page to Assignment and Assumption Agreement]*

# SCHEDULE 1

## ASSIGNED CONTRACTS

1. Amended and Restated Exclusive Mutual License Agreement, dated January 15, 2014, as amended August 13, 2016, by and between the Company and Stimwave Technologies Incorporated.

2. License Agreement, effective October 1, 2013, by and between the Company and StimQ LLC, assigned to StimQ Medical LLC October 1, 2014.

3. License Agreement, dated October 1, 2013, by and between the Company and StimRelieve LLC.

4. License Agreement, dated October 1, 2013, by and between Micron Devices LLC and StimGuard LLC.

5. License Agreement, dated October 13, 2018, by and between Micron Devices LLC and Neural Diabetes LLC.