*Tagged opinion*
*Do not publish*



**ORDERED in the Southern District of Florida on December 16, 2025.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MICRON DEVICES, LLC.                           Case No. 20-23359-LMI
                                               Chapter 7

      Debtor.
_____/

## <u>ORDER SANCTIONING LAURA PERRYMAN</u>

On November 5, 2021, the Court entered an *Order Granting Motion to Sanction Laura Perryman* (ECF #589) (the "Sanctions Order"). The Sanctions Order imposed monetary sanctions on Laura Perryman ("Ms. Perryman"), a *pro*

*se* litigant, under 28 U.S.C. §1927.[1] Ms. Perryman appealed the Sanctions Order to the United States District Court for the Southern District of Florida (ECF #592). The District Court affirmed the Sanctions Order (ECF #813) (the "District Court Order"). Ms. Perryman then appealed the District Court Order to the United States Court of Appeals for the Eleventh Circuit (ECF #814). The Eleventh Circuit vacated and remanded the Sanctions Order (ECF #851) (the "Eleventh Circuit Order") on the basis that "section 1927 cannot support sanctions against a non-attorney pro se litigant." The Eleventh Circuit Order further stated "[o]f course, nothing prevents the bankruptcy court from imposing monetary sanctions based on its inherent authority on remand."

The Sanctions Order stems from a request for sanctions in the *Motion for Imposition of Monerary [sic] and Non-Monetary Sanctions against Laura Perryman* (ECF #482) (the "Trustee's Motion") filed by Tarek Kiem, the Subchapter V Chapter 11 Trustee (the "Trustee") and the *Kennedy Lewis Parties' Joinder to Subchapter V Chapter 11 Trustee's Motion for Imposition of Monetary and Non-Monetary Sanctions against Laura Perryman* (ECF #483) (the "Joinder") (collectively, the "Sanction Motions") filed by Kennedy Lewis Investment Management LLC ("KLIM"), KL Acquisition Corporation ("KL Acquisition Corp."), Richard Monje, and David Kho (collectively, the "Kennedy Lewis Parties" and with the Trustee, the "Movants"). The Sanction Motions sought sanctions for the reasons stated therein based on the Court's inherent authority, 11 U.S.C.

---

[1] The Sanctions Order also imposed non-monetary sanctions, but Ms. Perryman's appeal of the Sanctions Order was limited only to this Court's imposition of monetary sanctions under section 1927. Accordingly, this Order only addresses the monetary sanctions.

§105(a), 28 U.S.C. §1927, and Rule 9011 of the Federal Rules of Bankruptcy Procedure[2]. The Court entered the Sanctions Order solely on the basis of section 1927.  However, the Court finds that sanctions are appropriately awarded based on the Court's inherent authority to sanction as well.  Because the grounds for assessing sanctions against Ms. Perryman based on the Court's inherent authority, and further authority under section 105, are the same as those that supported the Sanctions Order, there is no need for further hearing.

Having considered the Sanction Motions, and as authorized  by the Eleventh Circuit Order, the Court enters this order imposing monetary sanctions against Ms. Perryman pursuant to its inherent authority and pursuant to section 105.

The Court finds that monetary sanctions are appropriate because, throughout the course of this bankruptcy case, Ms. Perryman has repeatedly filed frivolous and baseless pleadings with the Court that were untimely, asserted facts not before the Court, attempted to relitigate issues already decided, and improperly sought relief on behalf of third parties.

## **Factual Background**

This matter initially came before the Court for hearing on August 11, 2021 (the "Hearing") upon the Sanction Motions and *Laura Perryman [sic] Objection to Trustee [sic] Motion for Sanctions and Injunctive Relief* (ECF #571) (the "Response") filed by Ms. Perryman.  The Court has reviewed the Sanction

---

[2] The Trustee's Motion also cited to 28 U.S.C. §1651(a), the All Writs Act, as additional authority for the imposition of sanctions in the form of an injunction. (ECF #482 at ¶19).

Motions, the Response, and the notices of fees and costs filed by both the Trustee[3] and the Kennedy Lewis Parties[4] and finds it is appropriate to sanction Ms. Perryman in the amount of $5,165.00 to the Kennedy Lewis Parties, and $3,990.00 to the estate for the additional fees incurred by the Trustee's counsel.

On December 7, 2020 (the "Petition Date"), the Debtor filed a voluntary petition (ECF #1) (the "Petition") for relief under subchapter V of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida.  On February 19, 2021, the Court entered an *Order to Show Cause Why Debtor Should Not Be Removed as Debtor-In-Possession and Setting Hearing* (ECF #180) (the "Order to Show Cause"). The Order to Show Cause noted that there were "disputes as to who is in charge of the Debtor, concerns regarding alleged interference by the co-founder/majority shareholder, and concerns about the majority shareholder taking action *ultra vires*." On March 8, 2021, following a hearing, the Court entered an *Order Removing the Debtor-in-Possession and Expanding the Powers of Subchapter V Trustee* (ECF #206). Subsequently, the Trustee took over operating the business of the Debtor and possession of all property of the Debtor's estate. On April 1, 2021, the Trustee filed *Trustee's Motion for Approval of the Settlement Agreement Entered into by the Subchapter V Chapter 11 Trustee, Kennedy Lewis Investment Management, LLC, and Stimwave*

---

[3] *See Notice of Filing Itemization of Fees and Costs, Pursuant to Order on Trustee's Motion for Imposition of Monetary and Non-Monetary Sanctions against Laura Perryman ECF No. 550* (ECF #568).
[4] *See Notice of Filing Declaration of Stephen Baldini, Esq. as to Excess Fees* (ECF #569).

4

*Technologies Inc.* (ECF #234) (the "9019 Motion") which the Court approved[5],
after conducting a two-day trial.

The Sanction Motions seek sanctions against Ms. Perryman for the
unnecessary expenses incurred by the Trustee and the Kennedy Lewis Parties
due to Ms. Perryman's numerous frivolous filings in this case.

The following are examples of Ms. Perryman's filings that were frivolous,
untimely, asserted facts not before the Court, attempted to relitigate issues
already decided, and/or improperly sought relief on behalf of third parties:

    a. *Motion to Quash 2004 Exam* (ECF #156) (the "Motion to Quash");
withdrawn at (ECF #164);

    b. Continuously purporting to act as Debtor's principal after having
"resigned" on February 8, 2021.[6] (*See* ECF ##160, 161, 175, and Tr.
of 2/19/2021 Hearing 13:11-14:3; 24:25-27:3; 30:12-31:2 (ECF
#190));

    c. *Motion to Terminate Arbitration and Enjoin District Court Action* (ECF
#192), denied because the Court has no jurisdiction over actions
that only involve Ms. Perryman, a non-debtor party (ECF #221) ;

    d. *Motion for Protective Order* (ECF #231) denied because the Motion for
Protective Order filed by Ms. Perryman sought relief on behalf of the
Debtor[7] (ECF #242);

    e. *Creditor Laura Perryman Objection to Debtors' [sic] Motion for Entry
of an Order Approving Compromise and Settlement Under Bankruptcy
Rule 9019* (ECF #383) (the "Objection to Approval Order") overruled
as untimely (it was filed after the conclusion of the evidentiary

---

[5] *Order Granting Trustee's Motion for Approval of Settlement Agreement (ECF #234) and Approving
Settlement Agreement* (ECF #393) (the "Approval Order").

[6] Debtor's former counsel alleged "As of February 8, 2021, Ms. Perryman is no longer employed
in any capacity by the Debtor… However, since that time, Ms. Perryman continues to hold herself
out to the public as an agent of the Debtor.  Moreover, since Ms. Perryman's separation from the
Debtor she actively interfered with the company's ability to operate and its continued existence."
(ECF #175 at para. 6).

[7] At the hearing on the Motion for Protective Order, the Court advised Ms. Perryman: "you only
represent yourself. You don't represent the debtor. So if the debtor has concerns regarding
discovery, then [the debtor] will raise those objections if and at such time discovery is requested
from the debtor." Tr. of 4/7/2021 Hearing 17:7-13 (ECF #292).

hearings) and for laying out facts that were never introduced into evidence, although Ms. Perryman and Micron Medical Corporation (represented by counsel at the evidentiary hearing) were given an opportunity to do so (ECF #393)[8];

f.  *Creditor Laura Perryman Motion for Reconsideration of Compromise and Settlement Under Bankruptcy Rule 9019 and Injunctive Relief for Declartory [sic] Judgement [sic] on Perryman 3rd Party Work Product* (ECF #405) (the "Motion for Reconsideration"), wherein Ms. Perryman attempted to relitigate numerous issues previously addressed by this Court during the two-day trial on the 9019 Motion and impermissibly sought relief on behalf of third parties. Further, Ms. Perryman alleged, without any basis to do so, that the "Trustee has stolen and refused to return tangible assets of the Creditor and MMC" and "MMC and StimGuard plan to file a stolen property report if these items cannot be returned." (ECF #405, at paras. 5, 24);

g.  Ms. Perryman's appeal of the Approval Order (ECF #422) (the "Appeal") only to allow it to be dismissed for not complying with the associated deadlines (ECF #473);

h.  *Perryman Objection to 3rd Party Asset Inventory Turnover and Injunctive Relief Pending Appeal* (ECF #470) which improperly made arguments on behalf of Micron Medical Corporation and was overruled by the Court (ECF #476). The Court warned Ms. Perryman "once again," "that as a non-attorney, she has no authority to represent the interests of third parties, including Micron Medical Corporation." The Court also reminded Ms. Perryman that she is subject to Rule 9011 sanctions;[9]

i.  *Perryman Motion to Compel Deposition of Tarek Kiem* (ECF #467) (the "Motion to Compel") where the Court stated "There is no basis for a motion to compel until Tarek Kiem fails to appear at a properly scheduled and noticed deposition or says he will not appear." (ECF #469);

j.  *Complaint for Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Professional Negligence, Unjust Enrichment,*

---

[8] The Court is not unsympathetic to Ms. Perryman's loss of her mother during the final moments of the last day of trial, but that situation did not excuse the untimely objection, nor justify the failure to submit evidence, which deadlines all expired prior to the first day of trial.

[9] At the June 24, 2021, hearing on the *Perryman Objection to 3rd Party Asset Inventory Turnover and Injunctive Relief Pending Appeal* (ECF #470), the Court advised Ms. Perryman: "I want you to know that I find that your filing of your objection is a violation of Rule 9011, and I will remind you that you are subject to that same rule, which means that you have to have a good faith basis in law and in fact before you file a pleading before this Court." Tr. of 6/24/2021 Hearing 17:9-14 (ECF #480).

*Tortious Interference, Fraudulent Conveyance, and Demand for Jury Trial* (Case No. 21-01152-LMI, ECF #1) (the "Perryman Adversary Proceeding"), which improperly sued the Trustee and his counsel including allegations which, on their face, were untrue.[10];

k.  *Plaintiff Perryman's Motion to Withdraw the Reference of Adversary Proceeding Pursuant to 28 U.S.C. § 157(d); Memorandum of Points and Authorities* (Case No. 21-01152-LMI, ECF #17) (the "Motion to Withdraw the Reference") and then dismissing the adversary proceeding when the Court advised her that, even if the reference was withdrawn, the case would probably stay before the Court unless and until it was ready for trial;

l.  *Pro Se Motion for Continuance of Hearing* (Case No. 21-01152-LMI. ECF #27) (the "Motion to Continue") seeking to continue the hearings on the motions to dismiss the Perryman Adversary Proceeding filed by the Trustee and the Kennedy Lewis Parties to a date after a hearing on Ms. Perryman's Motion to Withdraw the Reference, which the Court denied. *See Order Denying Pro Se Motion for Continuance of Hearing* (Case No. 21-01152-LMI, ECF #34).

m. *Notice of Dismissal Without Prejudice* of the Perryman Adversary Proceeding, in which Ms. Perryman alleged this Court has a conflict of interest. (Case No. 21-01152-LMI, ECF #42).

## **ANALYSIS**

Bankruptcy courts possess inherent power to impose sanctions on parties for bad faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citation and quotation omitted) ("These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). A court may assess attorney's fees under its inherent authority "when a party has acted

---

[10] This complaint was ultimately replaced by an Amended Complaint - *Amended Complaint for Breach of Fiduciary Duty, Aiding and Abetting Breach of Fiduciary Duty, Professional Negligence, Unjust Enrichment, Tortious Interference, Fraudulent Conveyance, Conspiracy, and Demand for Jury Trial* (Case No. 21-01152-LMI, ECF #10).

in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45-46, 50

(internal citation and quotation omitted).

> A finding of bad faith is warranted where [a party] knowingly or
> recklessly raises a frivolous argument, or argues a meritorious claim
> for the purpose of harassing an opponent. A party also demonstrates
> bad faith by delaying or disrupting the litigation or hampering
> enforcement of a court order.

*Gwynn v. Walker (In re Walker),* 532 F.3d 1304, 1309 (11th Cir. 2008) (internal

citation and quotation omitted).

In addition to the Court's inherent power, section 105 of the Bankruptcy

Code provides this Court with broad statutory power to address wrongful

conduct. Section 105(a) states:

> The court may issue any order, process, or judgment that is
> necessary or appropriate to carry out the provisions of this title. No
> provision of this title providing for the raising of an issue by a party
> in interest shall be construed to preclude the court from, sua sponte,
> taking any action or making any determination necessary or
> appropriate to enforce or implement court orders or rules, or to
> prevent an abuse of process.

11 U.S.C. §105(a). Section 105(a) "uses the broad term 'any' which encompasses

all forms of orders including those that award monetary relief." *Jove Eng'g, Inc.*

*v. I.R.S.,* 92 F.3d 1539, 1554 (11th Cir. 1996). "A Bankruptcy Court may invoke

its statutory powers of Section 105(a) to redress Rule 9011 violations, bad faith,

and unreasonable, vexatious litigation." *In re Evergreen Sec., Ltd.*, 384 B.R. 882,

932 (Bankr. M.D. Fla. 2008), *aff'd*, 391 B.R. 184 (M.D. Fla. 2008), *aff'd*, 570 F.3d

1257 (11th Cir. 2009).

Lastly, Rule 9011 applies to *pro se* parties and provides:

(b) Representations to the Court. By presenting to the court a petition, pleading, written motion, or other document—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:

   (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;

   (3) the allegations and factual contentions have evidentiary support—or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

   (4) the denials of factual contentions are warranted on the evidence—or if specifically so identified, are reasonably based on a lack of information or belief.

(c) Sanctions.

   (1) *In General*. If, after notice and a reasonable opportunity to respond, the court determines that (b) has been violated, the court may, subject to the conditions in this subdivision (c), impose an appropriate sanction on any attorney, law firm, or party that committed the violation or is responsible for it. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Bankr. P. 9011. "Sanctions under Bankruptcy Rule 9011 are warranted when (1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose." *In re Mroz*, 65 F.3d 1567, 1572 (11th Cir. 1995).

As the Court detailed above, Ms. Perryman has filed multiple pleadings with this Court since the inception of this case that have led to the unreasonable multiplication of proceedings. The Court finds that procedurally some of the pleadings filed by Ms. Perryman may have been "proper" – that is, her right to

file a motion for reconsideration, her right to file an appeal, and her right to respond to relief sought. However, most of Ms. Perryman's pleadings were not proper. Some pleadings were filed late[11]; some were filed "too early"[12]; some were baseless (either already adjudicated or never brought up when it should have been brought up)[13]; some asserted rights of third parties when told *repeatedly* she could not do so[14]; and some were never pursued or were withdrawn.[15] In addition, Ms. Perryman's filing of the complaint in the Perryman Adversary Proceeding was another attempt by Ms. Perryman to raise her objections to the Approval Order and her dismissal of the complaint after finding out that this Court would probably end up keeping the case until at least trial, is further evidence that the filing of the Perryman Adversary Proceeding was objectively done in bad faith.

In determining to what extent the Court should sanction Ms. Perryman, the Court takes into account that Ms. Perryman purportedly acted at all times *pro se.* Balanced against that, however, are this Court's multiple, repeated warnings to Ms. Perryman about her frivolous and unfounded filings. The fact that procedurally, as Ms. Perryman argues, she may have had the *technical* right to file something (*e.g.* a motion to reconsider, or an appeal), this Court reminded

---

[11] *See supra* para. e.

[12] *See Motion to Compel* where Ms. Perryman sought to compel the Trustee's attendance at a deposition that the Trustee had never stated he would not attend.

[13] *See supra* paras. e. and f.

[14] *See supra* paras. e., f. and h.

[15] *See supra* paras. a., g. and m.

Ms. Perryman that anything she filed was required to be based on law and fact, neither of which was satisfied in virtually anything Ms. Perryman filed.

Accordingly, the Court finds Ms. Perryman's pleadings were frivolous and filed in bad faith, such that it is appropriate to impose monetary sanctions against her. Ms. Perryman filed pleadings that were not supported by law or fact and chose to continue to seek relief even after being told multiple times that the relief she was seeking was not hers to seek. A Court may sanction such behavior under its inherent authority, section 105, and Rule 9011[16]. The Court finds the appropriate sanctions are the costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Court already assessed the reasonableness of the fees and costs sought by the Trustee and the Kennedy Lewis Parties in the Sanctions Order and adopts those same findings and conclusions in this order.

Therefore, the Court finds that Ms. Perryman is responsible for monetary sanctions in the amount of $5,165.00 to the Kennedy Lewis Parties, and $3,990.00 to the estate for the additional fees incurred by the Trustee's counsel.

## **CONCLUSION**

The record in this case is clear, Ms. Perryman repeatedly raised unreasonable and frivolous arguments despite numerous warnings from the Court, and therefore Ms. Perryman acted in bad faith. Accordingly, for the reasons set forth above, it is

---

[16] Because there is no evidence that either the Kennedy Lewis Parties or the Trustee sent Ms. Perryman the required notice under Rule 9011, the Court is not issuing sanctions under Rule 9011.

**ORDERED**:

1.      Monetary sanctions in the amount of $3,990.00 are awarded to the Trustee.

2.      Monetary sanctions in the amount of $5,165.00 are awarded to the Kennedy Lewis Parties.

3.      Ms. Perryman will have 45 days from the date of this Order to make the payments described in paragraphs 1 and 2.

###

Copies furnished to:
Laura Perryman, *pro se*
All counsel of record

*The Clerk of Court shall serve a copy of this order upon all interested parties who do not receive service by CM/ECF.*